THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

JASON C. SHEPPARD,

    Plaintiff,

v.

MOLIKE M. GREEN and MONICA LONG,

    Defendants.

Civil Action No. 15-1616
Judge David Cercone/
Chief Magistrate Judge Maureen P. Kelly

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that this case be dismissed with prejudice for failure to prosecute.

## II. REPORT

### A. Background

Jason Sheppard ("Plaintiff") has filed a civil rights action, complaining of conditions in the Allegheny County Jail ("ACJ"). After initiating this suit, Plaintiff was released from the ACJ.

Plaintiff's entire factual allegations contained in the prisoner civil rights form complaint are as follows:

> Monica Long – ordered Directive that violates the Constitution and Doctor's orders that resulted in all of Pod F not receiving their medication for hours (See attached email directive dated 11/25/15)
> Molika M. Green – Director of Nursing whom backed Warden Long's Directive and Did nothing when 40 + men did not receive prescribed medication. (see attached email directive dated 11/25/2015)[.]

ECF No. 1 ¶ IV.C.

The Court performed its screening functions under the Prison Litigation Reform Act ("PLRA") and found that these allegations failed to state a claim upon which relief can be

granted. Accordingly, on September 30, 2016, the Court ordered Plaintiff to file an Amended Complaint correcting the deficiencies noted in the Order. ECF No. 10. The Court ordered Plaintiff to file an Amended Complaint no later than October 28, 2016. The Court explicitly warned Plaintiff in the Order to File An Amended Complaint that failure to file the Amended Complaint may result in the dismissal of the case for failure to prosecute. Plaintiff failed to file an Amended Complaint. Accordingly, on November 3, 2016, the Court issued an Order to Plaintiff to Show Cause why the case should not be dismissed due to his failure to file the Amended Complaint as ordered. ECF No. 15. Plaintiff was ordered to file his response to the Order to Show Cause no later than November 21, 2016. Plaintiff never filed a response.

### B. Discussion

A district court has the inherent power to *sua sponte* dismiss a case under Rule 41(b) of the Federal Rules of Civil Procedure for a plaintiff's failure to comply with an order of court. Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994). A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. See Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by*, Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors known as the Poulis factors[1] when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to

---

[1] See, e.g., Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) ("In considering the second *Poulis* factor . . ."). Poulis refers to Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

2

comply with other procedural rules. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit set forth the following six factors to be considered: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. However, "*Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed by" the Court of Appeals. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). Indeed, the United States Court of Appeals for the Third Circuit has recognized that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint. Instead, the decision must be made in the context of the district court's extended contact with the litigant." Id. (citation omitted).

This Court now applies the six Poulis factors to the matter at issue.

(1) The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*. The responsibility for his failure to respond to the orders in question is Plaintiff's alone.

(2) Prejudice to the adversary.

There is no indication that Defendants have been prejudiced by Plaintiff's failures to respond to orders of this Court.

3

(3) A history of dilatoriness.

Plaintiff's failure to perform the simple task of filing an Amended Complaint and of responding to Court orders indicates that he does not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure to respond to the Court orders was the result of any "excusable neglect," Poulis, *supra*.

(5) Alternative sanctions.

Plaintiff is proceeding *pro se* and has not responded to the Court's orders. It is not clear that any sanction other than dismissal will properly redress Plaintiff's conduct.

(6) Meritoriousness of Plaintiff's case.

Given that bare bones allegations of the Complaint and the failure to allege that Plaintiff himself was on medication at the time of the Defendants' orders, which denied medication to some of the ACJ inmates, Plaintiff's federal claims appear to not be meritorious as was pointed out in the September 30, 2016 Order to file an Amended Complaint.

In light of the foregoing, we find that the Poulis factors weigh in favor of dismissal. Consequently, the Complaint should be dismissed with prejudice.

### III. CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that Plaintiff's case be dismissed with prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.

Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                                        RESPECTFULLY SUBMITTED:

Date: November 29, 2016        /s/ Maureen P. Kelly
                                                MAUREEN P. KELLY
                                                CHIEF UNITED STATES MAGISTRATE JUDGE

cc:    The Honorable David Stewart Cercone
       United States District Judge

       JASON C. SHEPPARD
       Via CM-ECF